IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

03 DEC 29 AM 8:45

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| AUTO-OWNERS INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number |
| vs. ) | 02-C-2679-W |
| ) | |
| FAUGHT & SONS CONSTRUCTION, INC., ) | |
| GUILLERMO GODOY, MONTELCINO ) | |
| L.L.C., T & A REAL ESTATE L.L.C., AND ) | **ENTERED** |
| EUGENE MANGIERI ) | |
| ) | DEC 29 2003 |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Auto-Owners Insurance Company ("Auto-Owners") has moved for summary judgment against Defendants Faught & Sons Construction, Inc., Guillormo Godoy, Montelcino, LLC, T&A Real Estate, LLC, and Eugene Mangieri.

Based on the undisputed facts which follow, Plaintiff is entitled to judgment as a matter of law.

### FACTS

Auto-Owners is a mutual insurance company incorporated and organized under the laws of the State of Michigan and has its principal place of business in Michigan.

Auto-Owners issued its Businessowners Policy No. 89-310-231-00 to Faught & Sons Construction Company, Inc. ('the construction company") on November 30, 1996. The policy provided commercial general liability coverage up to a millions dollars ($1,000,000.00). This policy

1



was cancelled for non-payment of premium on March 16, 1997. Auto-Owners returned premium in the amount of $726.30 to the construction company.

Auto-Owners subsequently issued its Businessowners Insurance Policy No. 89-310-231-01 to the construction company, effective from April 24, 1997, to May 31, 1997.

According to the policy, the insured is "Faught & Sons Construction Co. Inc." and the covered address is 2209 13th Street, Tuscaloosa, Alabama. (Pl. Ex. B. p.1).

Section A of the policy provides: "We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Pl. Ex. B. p. 1 of 17). It defines "covered cause of loss" as "risks of direct physical loss...."(Pl. Ex. B. p. 2 of 17). "Property damage" is either "a) physical injury to tangible property, including all resulting loss of use of that property; or b) loss of use of tangible property that is not physically injured. (Pl. Ex. B. p. 11 of 11).

The policy applies to bodily injury or property damage caused by an "occurrence" that occurs within the policy period. *(Id.* at p. 1 of 11). It defines "bodily injury" as "sickness or disease sustained by a person, including death resulting from any of these at any time."(Pl. Ex. B at p. 9 of 11). It requires that the bodily injury occur during the policy period and that it be caused by an "occurrence." (*Id.* at p. 1 of 17)

The policy provides that "No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations." (*Id.* at p. 7 of 11).

By its terms, the policy does not cover "bodily injury" or "property damage" expected or intended from the standpoint of the insured. (Pl. Ex. B. at p. 2 of 11).

2

This policy was cancelled on May 31, 1997, for non-payment of premium. The premium returned to the construction company by Auto-Owners was $872.25. Auto Owners has not provided the construction company with insurance coverage of any kind since May 31, 1997.

On November 9, 2000, Guillermo Godoy, Montelcino, L.L.C., T&A Real Estate, L.L.C., and Eugene Mangieri filed an action in the Circuit Court of Tuscaloosa County against Kenneth Faught and the construction company. The complaint alleges fraud, deceit, fraudulent deceit, suppression, breach of warranty, breach of fiduciary duty, conversion, and unjust enrichment. It seeks compensatory (including mental anguish) and punitive damages.

According to the complaint in *Godoy et al. v. Faught et al.,* ("the state court action"), the Faught defendants fraudulently misrepresented material facts concerning the defendant's expertise and financial condition in connection with a prospective joint venture; sold to Godoy a parcel of property known by the defendants to be encumbered by a federal tax lien; falsely represented to the plaintiffs that the lien had been paid after its existence became known; and suppressed material facts concerning the real estate investment and their financial condition. The complaint also alleges deceit, breach of warranty, breach of fiduciary duty, conversion, and unjust enrichment.

Auto-Owners then filed this suit in federal court requesting a declaratory judgment that under its commercial general policy issued to the construction company, it has no duty to defend or indemnify Faught if judgment is rendered against him in the state court suit for the injuries suffered by the Godoy plaintiffs.

## THE APPLICABLE LEGAL STANDARDS

Summary judgment is appropriate where the movant demonstrates that there is no genuine

issue as to any material fact and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56(c). The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the non-moving party.[1] *See, e.g., Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997). The Eleventh Circuit has held that evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g., Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations of the underlying complaint. *American State Ins. v. Cooper*, 518 So. 2d 708 (Ala. 1987). The contract shall be construed liberally in favor of the insured and strictly against the insurer. *Tyler v. Insurance Co. of North America*, 331 So. 2d 641 (Ala. 1976). Exclusions are to be interpreted as narrowly as possible, so as to provide maximum coverage for the insured, and are to be construed most strongly against the insurance company that drafted and issued the policy. *Alliance Ins. Co. v. Reynolds*, 494 So. 2d 609 (Ala. 1986); *Employers Ins. Co. of*

---

[1] "The district court should 'resolve all reasonable doubts about the facts in favor of the non-movant' ... and draw 'all justifiable inferences ... in his favor ....'" *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979).

*Alabama v. Jeff Gin Co.*, 378 So. 2d 693 (Ala. 1979).

*Property Damage*

Under Alabama law, loss of investment value does not constitute "property damage" under liability insurance contracts. *See American States Ins. Co. v. Martin*, 622 So. 2d 245, 248 (Ala. 1995) *citing Oxford Lumber Co. v. Lumberman's Mutual Ins. Co.*, 472 So. 2d 973 (Ala. 1985) (holding that loss of an insurance policy is not the type of property damage covered under a liability policy).

Furthermore, loss of investments does not implicate tangible property. "Tangible property" is property "that is capable of being handled, touched, or physically possessed. Purely economic losses are not included in this definition." *Id.* at 248. *See also Prince v. Higgins*, 572 So. 2d 1217 (Ala. 1990) (explaining the difference between tangible and intangible property).

*Bodily Injury*

"[A]s a general rule the time of an 'occurrence' of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed but the time the complaining party was actually damaged." *American States*, 662 So. 2d at 250.

*Breach of Warranty*

The Alabama Supreme Court has long held that breach of contract is not an occurrence and therefore not recoverable from a liability insurer. *See e.g., Ajdarodini v. State Auto Ins.*, 628 So. 2d 312 (Ala. 1993); *Reliance Ins. Co. v. Wyatt*, 540 So. 2d 688, 691 (Ala. 1989); *Berry v. South Carolina Ins., Co.*, 495 So. 2d 511 (Ala. 1985).

Under *Ladner & Co. v. Southern Guaranty Ins. Co.*, 347 So. 2d 100 (Ala. 1977) and *Tapscott v. Allstate Ins. Co.*, 526 So. 2d 570 (Ala. 1988), there is no duty to defend allegations of intentional

5

fraud under a commercial general liability policy such as the one at bar.

## ANALYSIS

First, it is clear that in the underlying state court action, the plaintiffs do not allege any physical damage to the insured property. The insured property is located at 2209 13th Street in Tuscaloosa; but the property referred to in the state court action is located at 2205 13th Street. Thus, there is no claim of physical damage arising out of the occupancy and use of the insured premises.

Further, the complaint in the underlying action does not suggest an "occurrence" under the Auto-Owners policy at issue. By definition under that policy, an "occurrence" is an accident. According to the aforesaid complaint, the actions of the Faught defendants were intentional rather than accidental.

Assuming *arguendo* that there was an "occurrence" under the policy, any resulting mental anguish damages could not have occurred until that point at which the plaintiffs in the underlying case learned of the tortious conduct. According to the complaint, that date would have been July 21, 1999, -- well beyond the policy period. Therefore, there is no duty on the part of Auto-Owners to defend and indemnify against this claim which arose outside the policy period.

Under the law, there is no duty to defend against the breach of warranty claims, since they do not satisfy the "occurrence" requirement.

Moreover, the claims in the underlying action are all predicated on the negotiation and existence of a joint venture agreement. Auto-Owners has no duty to defend such claims, as they are expressly excluded from coverage since the joint venture is not specifically named in the Declarations Page of the policy.

Finally, the policy contains an intentional conduct exclusion. This exclusion certainly applies to the claims in the underlying action. Fraud, deceit, suppression, and conversion are quintessentially intentional acts. Auto-Owners is simply not required to defend or indemnify against them.

## CONCLUSION

Upon consideration of the undisputed facts, Auto-Owners is entitled to summary and declaratory judgment as a matter of law. By separate order, it will be entered.

Done this ___28th___ day of December, 2003.

_____
Chief United States District Judge
U.W. Clemon